CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

November 29, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re: *Lisa Olivero v. Carolyn W. Colvin, Acting Commissioner of Social Security*[1]
Civil Action No. 16-2047 (MAS)

Dear Counsel:

This matter comes before the Court on Plaintiff Lisa Olivero's ("Plaintiff") appeal from the final decision of the Acting Commissioner of the Social Security Administration ("Defendant" or "the Commissioner"), denying her request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands the matter for further analysis.

I. **Background**

On January 14, 2013, Plaintiff filed an application for Social Security Disability Insurance ("SSD"), alleging a disability onset date of July 8, 2011. (Administrative Transcript ("Tr.") 130.)[2] Plaintiff's application was denied initially and on reconsideration. (*Id.* at 73-77, 79-81.) The administrative law judge ("ALJ") conducted a hearing on September 8, 2014 (*id.* at 24-48) and, on November 12, 2014, the ALJ found that Plaintiff was not disabled (*id.* at 18-19).

In reaching his decision, the ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 16-17.) At the first step of the sequential process, the ALJ found that Plaintiff did not engage in any substantial gainful activity since the alleged disability onset date. (*Id.* at 15.) At step two of the sequential analysis, the ALJ found that Plaintiff had the severe impairments of "Reflex Sympathetic Dystrophy (RSD) and rheumatoid arthritis." (*Id.*) At step three of the sequential analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the

---

[1] Nancy A. Berryhill succeeded Carolyn W. Colvin as the Acting Commissioner of the Social Security Administration.

[2] The Administrative Transcript is located at ECF Numbers 9-1 through 9-7. This Letter Opinion only references the actual page numbers of the Administrative Transcript and not the corresponding ECF numbers.

severity of listed impairments in 20 C.F.R. Part 404 subpart P, Appendix 1. (*Id.* at 15-16.) The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform: "light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can perform work with a sit/stand option and that is of a simple and repetitive nature." (*Id.* at 16.) At step four of the sequential analysis, the ALJ found that Plaintiff was capable of performing past relevant work as a retail store manager because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's] [RFC]." (*Id.* at 18.)

Plaintiff sought Appeals Council review of the ALJ's decision (*id.* at 7-8), which the Appeals Council denied on February 24, 2016 (*id.* at 1-5). Plaintiff subsequently filed the instant appeal. (Compl., ECF No 1.) Plaintiff filed her moving brief on June 6, 2017. (ECF No. 17.) Defendant filed its opposition brief on July 20, 2017. (ECF No. 18.)

## II. <u>Legal Standards</u>

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The district court must determine whether or not there is substantial evidence in the record to support the Commissioner's decision. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is defined as "more than a mere scintilla." *Plummer*, 186 F.3d at 427 (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). "It means such relevant evidence as a reasonable mind might accept as adequate." *Id.* In reviewing the record for substantial evidence, a court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford*, 399 F.3d at 552 (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

In order to be eligible for disability benefits, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any "substantial gainful activity" since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R.

§ 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the first two steps are satisfied, the third step requires the claimant to provide evidence that her impairment is equal to one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(d). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and is automatically entitled to disability benefits. *Id.* If she cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits her to resume her previous employment. 20 C.F.R. § 404.1520(e). If the claimant can perform her previous line of work, then she is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

If the claimant is unable to return to her previous work, the analysis proceeds to step five. At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with her medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *Id.*

### III. Discussion

Based on its review of the ALJ's decision in light of the specific record in the present case, the Court finds good cause to remand the matter.

In reaching a decision, an ALJ must evaluate the evidence and explain why evidence has been rejected. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Nevertheless, it is not necessary for the ALJ to "undertake an exhaustive discussion of all the evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision." *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773-74 (3d Cir. 2004). Here, there were simply too many deficiencies in the ALJ's analysis for the Court to find that the ALJ's decision was supported by substantial evidence.

The Court will not engage in a detailed discussion of the ALJ's decision.[3] Rather, the Court will point to two troubling deficiencies in the ALJ's decision. First, the ALJ's decision listed many of Plaintiff's pain-related complaints and diagnosed impairments yet did not adequately analyze them in light of the record. For example, the ALJ noted that Dr. Hussain diagnosed Plaintiff with "autoimmune disease/rheumatoid arthritis, bilateral hand tenosynovitis, cervical spondylosis and lumbar spondylosis, fibromyalgia, and chronic fatigue." (Tr. 17.) The ALJ also mentioned Plaintiff's complaints of "being fatigued and very tried [sic]." (*Id.*) The ALJ similarly summarized

---

[3] Accordingly, Defendant should not infer from the fact that the Court has not specifically mentioned any particular aspects of the ALJ's decision that the unmentioned aspects of the decision have survived the Court's review. Upon remand, the ALJ should start his analysis at Step 1 and work his way through the sequential factors.

3

other items of evidence in the record and then summarily concluded that "based on the entire record . . . the evidence fails to support [Plaintiff's] assertions of total disability." (*Id.* at 18.)

Second, the ALJ failed to even summarize, let alone discuss, the vocational expert's ("VE") testimony.[4] The VE testified that Plaintiff's vocational profile was as a store manager and the "work that [Plaintiff] did is classified as light, but per the information that's provided in the record, it was more or less done at a medium level. It has an SVP[5] of 7, so it's skilled work activity and the DOT number is 185.167-046." (*Id.* at 43-44.) The ALJ then posed the following question:

> I'm going to ask you to assume an individual of the claimant's age, education and work history. Assume additionally the individual is restricted, we'll start at the light exertional level. Assume additionally the individual would be restricted to jobs where one could alternate sitting and standing at one's selection. Assume additionally the individual would be restricted to jobs of a simple and repetitive nature to account for the side effects of medication and effects [sic] pain and the inability to concentrate and focus. With those limitations alone, could such an individual perform any of the claimant's past relevant work?

(*Id.* at 44.) The VE responded, "No, Your Honor." (*Id.*) The ALJ also asked the VE whether there were other jobs that such an individual could perform. (*Id.*) In response, the VE listed several jobs that the hypothetical individual would be able to perform. (*Id.* at 44-45.)

In addition, the ALJ posed other hypotheticals to the VE, including:

> [I]f I were going to give you any combination of limitations that would include the limitation that an individual would be off task from performing even simple, repetitive work for up to 15 percent of the workday due to the effects of pain and/or medication, reducing the ability to concentrate and focus, would there be jobs that such a person could do?

(*Id.* at 45.) The ALJ responded, "No, Your Honor[.]" (*Id.*)

The ALJ's analysis was so sparse that the Court cannot find that the ALJ's decision at step four of the sequential analysis and the ALJ's complete lack of discussion with respect to the VE's testimony constituted harmless error. Based on the contents and weight of the administrative record and the lack of meaningful analysis elsewhere in the decision that would potentially buttress the ALJ's ultimate conclusions, the Court also cannot find that the ALJ's decision was supported

---

[4] Furthermore, the ALJ's decision stated that "***Rocco J. Meola***, an impartial vocational expert, also ***appeared*** at the hearing." (Tr. 13 (emphasis added).) The hearing transcript, however, reflects that ***Mr. Miller*** served as the VE and he ***testified*** at the hearing. (*Id.* at 24, 43-46 (emphasis added).)

[5] For purposes of this unpublished Letter Opinion, the Court assumes the reader is familiar with any undefined terms utilized during Mr. Miller's testimony.

4

by substantial evidence. An "ALJ's failure to explain his implicit rejection of . . . evidence or even to acknowledge its presence" may constitute error. *Cotter*, 642 F.2d at 707. Furthermore, and notably, access to the Commissioner's reasoning is essential to meaningful Court review:

> [U]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative [testimony], to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978).

Here, Plaintiff was already 50 years old as of the disability onset date (*id.* at 60) and there was ample evidential support in the record for Plaintiff's various symptoms and subjective complaints of pain such that the ALJ should have engaged in a more comprehensive analysis of the relevant evidence. Moreover, the ALJ should have discussed the VE's testimony and supported his findings at step four of the sequential analysis. Based on its review of the entire record, the Court cannot find that the ALJ's decision was supported by substantial evidence.

## IV. Conclusion

For the foregoing reasons, the Court remands this matter for further analysis and proceedings consistent with this Letter Opinion. An order consistent with this Letter Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**